UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil action no.: 5:16-cv-961 |
| v. | ) | |
| | ) | Legal and equitable relief sought |
| MARTIN MARIETTA MATERIALS | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

Plaintiff Thomas E. Perez, Secretary of the United States Department of Labor, brings this action pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654, ("FMLA" or "the Act"), seeking an award of wages, salary, employment benefits, or other compensation, plus interest and an additional amount as liquidated damages; and to enjoin and restrain Defendant from violating the provisions of 29 U.S.C. § 2615, including the restraint of any withholding of payment of wages, salary, employment benefits, or other compensation, plus interest; and to award such other equitable relief found by the Court to be due and appropriate under the Act, including employment, reinstatement, and promotion.

I.

Jurisdiction of this action is conferred upon the Court by 29 U.S.C. §§ 2617 (b) and (d) and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Martin Marietta Materials, Inc., is, and at all times hereinafter mentioned was, a corporation with its home office at 2710 Wycliff Road, Raleigh, North Carolina 27607, and a place of business at 5710 W. Hausman Rd, Ste. 121, San Antonio, Texas 78249, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned was, engaged in the production of aggregate stone, sand and gravel.

III.

Defendant is, and at all times hereinafter mentioned was, engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year, and is therefore an employer within the meaning of 29 U.S.C. § 2611(4)(A).

IV.

At all times hereinafter mentioned, Defendant employed Clyde Wagner in the asphalt unit at its Martin Marietta Materials office in San Antonio, Texas. Said worksite was part of a series of worksites within a seventy-five (75) mile radius with total employment of fifty (50) or more employees.

V.

As of September 21, 2015, Wagner had been employed by Defendant as a Customer Service Dispatch in the asphalt unit of Defendant for at least twelve (12) months and had performed at least 1,250 hours of service with Defendant during the

previous twelve month period, and was therefore an eligible employee under 29 U.S.C. § 2611(2)(A).

VI.

As of September 21, 2015, Wagner had not taken twelve (12) work weeks of leave in the preceding twelve month period either designated by Defendant or which Defendant was required to designate, and thus was entitled to leave as provided for under 29 U.S.C. § 2612(a).

VII.

(a)     In June of 2015, Wagner's wife suffered a stroke, and shortly thereafter, fell and fractured her ankle.  On September 21, 2015, Wagner verbally requested FMLA leave in order to provide daily care for his wife, and on October 1, 2015, Wagner submitted his FMLA request documentation, including the Certification of Health Care Provider for Family Member's Serious Health Condition, to the Defendant's Human Resources Administrator, Jenny Saucedo.

(b)     On October 2, 2015, Defendant sent a Designation Notice informing Wagner that his request for FMLA leave had been approved.  Wagner's leave started on October 1, 2015 and he was scheduled to return to work on November 6, 2015.

(c)     On October 24, 2015, Defendant sold its asphalt unit to Old Castle Materials, and allowed the employees of the asphalt unit to transfer employment to Old Castle as part of the sale.  Defendant did not notify Wagner of the sale, or of the opportunity to transfer his employment.  Upon information and belief, Old Castle requested that Defendant transfer Wagner's employment, but Defendant refused.

  (d) On November 6, 2015, the date of Wagner's anticipated return to work, Wagner notified Defendant's Human Resources Administrator, Anna Waller that he would need to take the full 12 weeks of FMLA.  Waller approved Wagner's request and informed him that his new return date would be December 23, 2015.

  (e) On December 23, 2015, Wagner reported to work and was told by Waller that his position had been eliminated with the sale of the asphalt unit.  Waller requested additional time to confirm with Defendant's corporate office about the elimination of Wagner's position.

  (f) On January 5, 2016, Wagner met again with Waller.  During that meeting, Waller confirmed that Wagner's position had been eliminated and his employment would be terminated effective January 8, 2016.

VIII.

Defendant, an employer subject to the provisions of the FMLA, violated the Act, 29 U.S.C. § 2615(a), in that it interfered with, restrained, or denied Wagner the exercise of rights provided under the Act by its actions or inactions, including but not limited to:

  A. failing to restore Wagner to his original position, or to a position equivalent in benefits, pay, and conditions of employment upon his return from leave; and

  B. failing to provide Wagner with the same opportunity that it provided to other employees of the asphalt unit by allowing them to transfer their employment to Old Castle Materials.

IX.

During the period since January 8, 2016, Defendant violated and is violating the aforesaid provisions of the Act.  A judgment that enjoins and restrains such violations is expressly authorized by 29 U.S.C. § 2617(d).

**WHEREFORE**, cause having been shown, Plaintiff prays for Judgment against Defendant as follows:

    (a)    For an Order: (i) pursuant to 29 U.S.C. § 2617(b)(2), finding Defendant liable for wages, salary, employment benefits, or other compensation found due, plus interest at the prevailing rate, and liquidated damages equal in amount to the unpaid compensation and interest found due, or (ii) pursuant to 29 U.S.C. § 2617(d)(1), enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with Defendant, from withholding payment of unpaid wages, salary, employment benefits, or other compensation, plus interest, found due by the court;

    (b)    For an Order, pursuant to 29 U.S.C. § 2617(d)(1), permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with Defendant, from prospectively violating the Act;

    (c)    For an Order, pursuant to 29 U.S.C. § 2617(d)(2), for such other equitable relief as may be appropriate, including employment, reinstatement, and promotion; and

    (d)    For an Order granting such further relief as may be appropriate.

Respectfully Submitted,

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

By:

  /s/ Carlton Jackson
CARLTON C. JACKSON
Trial Attorney
TX Bar No. 24032465

U.S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, TX  75202
Phone: (972) 850-3100
Facsimile: (972) 850-3101
Email: jackson.carlton@dol.gov

ATTORNEYS FOR PLAINTIFF