UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Thomas E. Perez, Secretary of Labor, § | | |
| United States Department of Labor, § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION NO. |
| § | | |
| v. § | | 5:16-cv-961 |
| § | | |
| Martin Marietta Materials, § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

To the Honorable Court:

Defendant Martin Marietta Materials opposes Plaintiff's Motion for Leave to File Amended Complaint (Dkt. No. 8), because an amendment at this stage would be futile and dilatory.

**I. INTRODUCTION**

Plaintiff's original Complaint contends that Clyde Wagner[1] was employed by Martin Marietta's asphalt unit when he took FMLA leave and that the asphalt unit was sold to a third party. Martin Marietta's Motion to Dismiss applies the law to those facts to resolve the central issue in this case—whether or not Wagner is entitled to reinstatement. The Court can resolve that issue without looking beyond Plaintiff's Complaint.

Plaintiff's present motion asks only that <u>if</u> the Court grants Martin Marietta's Motion to Dismiss that it do so without prejudice: "the Secretary respectfully requests that the Court grant this Motion to File the Secretary's Amended Complaint <u>if</u> the Court rules that the original Complaint insufficiently alleges the Secretary's claims . . . ." (Dkt. No. 8) (emphasis added). But

---

[1] The person on behalf of whom the Department of Labor is suing.

Martin Marietta's motion should be granted <u>with</u> prejudice because amendment would be futile. If, however, the Court determines that Plaintiff should be granted leave to amend, that leave should only be granted after ruling on Martin Marietta's Motion to Dismiss. That is because the legal basis for granting dismissal—there is no FMLA right to reinstatement if a person's job is eliminated—should make it impossible for Plaintiff to amend his complaint consistent with the pleading requirement that factual allegations must have evidentiary support or will likely have evidentiary support after discovery. *See* FED. R. CIV. P. 11(b)(3).

## II.  PROCEDURAL HISTORY

Plaintiff filed its original Complaint on September 29, 2016. (Dkt. No. 1). The Complaint is not merely factually deficient; rather the pleaded facts affirmatively establish that Plaintiff is not entitled to relief. On November 30, Martin Marietta filed its Motion to Dismiss because the pleadings show that Plaintiff cannot prevail and that amendment would be futile. (Dkt. No. 2).

On December 8, instead of amending its Complaint, Plaintiff chose to respond to Martin Marietta's Motion to Dismiss. (Dkt. No. 3). Plaintiff's Response prompted Martin Marietta's December 15th Reply. (Dkt. No. 4).

Now, eight months after its original Complaint and six months after Martin Marietta's Motion to Dismiss, Plaintiff seemingly requests only that Martin Marietta's Motion to Dismiss be granted without prejudice: "the Secretary respectfully requests that the Court grant this Motion to File the Secretary's Amended Complaint <u>if</u> the Court rules that the original Complaint insufficiently alleges the Secretary's claims . . . ." Plaintiff's Motion for Leave at 3 (Dkt. No. 8) (emphasis added).

### III.  ARGUMENTS AND AUTHORITIES

"Leave to amend is by no means automatic"; with a "substantial reason" a court may deny a request for leave to amend. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994)) (internal quotation marks omitted). Factors the Court should consider when deciding whether to grant leave include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *See id.* (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

For instance when a plaintiff sought leave to amend while a motion to dismiss was pending, one court "noted that the Court is 'not required to grant leave to amend where doing so would encourage dilatory or abusive tactics,' such as requesting amendment solely to force a defendant to file a new motion to dismiss." *Gore v. Cedar Hill Indep. Sch. Dist.*, No. 3:15-CV-3963-M-BN, 2016 WL 4597513, at *17 (N.D. Tex. July 26, 2016), *report and recommendation adopted,* No. 3:15-CV-3963-M-BN, 2016 WL 4593515 (N.D. Tex. Sept. 2, 2016).

In this case, there is a fully briefed Motion to Dismiss, and Plaintiff is not even requesting that the Court grant leave to amend until <u>after</u> the Court issues a ruling on dismissal.  Defendant submits that the Court's dismissal order will make Plaintiff's amendment futile and dilatory because Plaintiff has pleaded self-defeating facts. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."). In particular, the face of Plaintiff's Complaint shows that Clyde Wagner's job position was eliminated when Martin Marietta sold its asphalt unit. Plaintiff pleaded that Wagner was an employee of Martin Marietta's asphalt unit: "At all times hereinafter mentioned, Defendant employed Clyde Wagner in the asphalt unit . . . ." *See* Complaint at 2 (Dkt.

No. 1). And Plaintiff admits that Martin Marietta "sold its asphalt unit to Old Castle Materials . . . ." *See* Complaint at 3 (Dkt. No. 1). Therefore, Plaintiff's amendment would be futile because "An employee has no right to [FMLA] reinstatement if the employee's prior position has been eliminated." *Forbes v. Unit Tex. Drilling, L.L.C.*, 526 Fed. App'x 376, 380 (5th Cir. 2013).

Plaintiff's Amended Complaint seeks to re-characterize Wagner as a "Customer Service Dispatch employee," but the Amended Complaint remains fatally flawed because it is apparent that Wagner's job was eliminated. In fact, Plaintiff's Amended Complaint still points to the sale of Martin Marietta's asphalt unit to a third party (Old Castle Materials). First Amended Complaint at 4 (Dkt. No. 6). Nowhere does Plaintiff indicate that a job with Martin Marietta Materials existed for Wagner to be reinstated to. Therefore, because it is apparent from the pleadings that Wagner's position was eliminated, Plaintiff's amendment is futile and Martin Marietta's Motion to Dismiss should be granted with prejudice.

Moreover, Plaintiff had 21 days after Martin Marietta's Motion to Dismiss was filed to amend its Complaint as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(B). But Plaintiff chose not to amend and instead rested on its original Complaint for six months. At this stage, Plaintiff's Motion for Leave and Amended Complaint only delay a ruling on Martin Marietta's Motion to Dismiss. Plaintiff's Motion for Leave will delay and prejudice Martin Marietta by requiring refiling of a motion to dismiss and postponing resolution of this case. Martin Marietta submits that, after the Court analyzes the Motion to Dismiss and related pleadings, the Court will find the factual allegations in Plaintiff's Complaint negate the underlying cause of action as a matter of law. Yet even if the Court grants an opportunity to amend, Martin Marietta submits that the Court's ruling on the Motion to Dismiss will leave Plaintiff unable to file an amended complaint consistent with Federal Rule of Civil Procedure 11(b)(3).

## IV.  CONCLUSION

Martin Marietta's pending Motion to Dismiss addresses a dispositive legal issue in this case—whether an employee is entitled to reinstatement under the FMLA if his job position is eliminated. Thus the Court should deny Plaintiff's Motion for Leave because a ruling on the pending Motion to Dismiss should dispose of the case outright or will effectively make it impossible for Plaintiff to re-plead consistent with Federal Rule of Civil Procedure 11(b)(3).

Respectfully Submitted,

/s/ Mike Birrer
**Mike Birrer**
  State Bar No. 00783662
  mbirrer@ccsb.com
CARRINGTON, COLEMAN,
  SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:  (214) 855-3000
Facsimile:   (214) 855-1333

*Attorney for Defendant*
*Martin Marietta Materials*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the attorneys of record of all parties in accordance with Rule 5 of the Federal Rules of Civil Procedure, on this 21st day of June, 2017.

/s/  Mike Birrer